GREGORY C. LOARIE (CA Bar No. 215859)
MARIE E. LOGAN (CA Bar No. 308228)
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, CA 94111
T: (415) 217-2000 • F: (415) 217-2040
E: gloarie@earthjustice.org
   mlogan@earthjustice.org

*Additional Counsel for Plaintiffs
Listed in Signature Block*

IN UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and CENTER FOR FOOD SAFETY,<br><br>  Plaintiffs,<br><br>  vs.<br><br>U.S. BUREAU OF LAND MGMT., et al.,<br><br>  Defendants,<br><br>  and<br><br>CADIZ, INC., et al.,<br><br>  Defendant-Intervenors. | Case No. 2:17-cv-08587-GW-AS<br><br>(Consolidated with Case No. 2:18-cv-06775-GW-AS)<br><br>**PLAINTIFFS' NOTICE OF MOTION**<br><br>**and**<br><br>**MOTION FOR ATTORNEYS' FEES AND OTHER EXPENSES**<br><br>Date: December 5, 2019<br>Time: 8:30 a.m.<br>Judge: Hon. George H. Wu<br>Place: Courtroom 9D |

# TABLE OF CONTENTS

NOTICE OF MOTION ..................................................................................................1

ARGUMENT ...............................................................................................................2

I.    The Centers Are Entitled to an Award of Their Attorneys' Fees and Other Expenses under EAJA. ........................................................................2

    A.    The Centers Are Prevailing Parties. .....................................................2

    B.    BLM's Position Was Not Substantially Justified, and No Special Circumstances Make an Award Unjust. ..............................................3

II.    The Attorneys' Fees and Other Expenses the Centers Seek Are Reasonable. ...................................................................................................4

    A.    The Time Claimed by the Centers Was Reasonably Expended. ..........5

    B.    The Hourly Rates Claimed by the Centers Are Reasonable. ................6

        1.    The Centers Are Entitled to Enhanced Hourly Rates. ................6

        2.    The Rates Claimed by the Centers Are Consistent with Market Rates in the Los Angeles Area for Comparable Services. ................................................................................8

    C.    The Other Expenses Claimed by the Centers Are Reasonable. ............9

CONCLUSION ............................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atkins v. Apfel*,
   154 F.3d 986 (9th Cir. 1998) .................................................................................. 6

*In re Bluetooth Headset Products Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .................................................................................. 4

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*,
   532 U.S. 598 (2001) ................................................................................................ 2

*Comm'r, I.N.S. v. Jean*,
   496 U.S. 154 (1990) ................................................................................................ 6

*Costa v. Comm'r of Soc. Sec. Admin.*,
   690 F.3d 1132 (9th Cir. 2012) ................................................................................ 4

*Gonzalez v. City of Maywood*,
   729 F.3d 1196 (9th Cir. 2013) ................................................................................ 5

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ............................................................................................ 4, 5

*Lauritzen v. Lehman*,
   736 F.2d 550 (9th Cir. 1984) .................................................................................. 2

*League of Wilderness Defenders v. United States*,
   No. 3:10-cv-01397-SI, 2014 WL 3546858 (D. Ore. July 15, 2014) ........................ 7

*Lewis v. United States*,
   144 F.3d 1220 (9th Cir. 1998) ................................................................................ 3

*Love v. Reilly*,
   924 F.2d 1492 (9th Cir. 1991) ............................................................................ 3, 7

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008) ................................................................................ 5

*Nadarajah v. Holder*,
   569 F.3d 906 (9th Cir. 2009) .......................................................................... 6, 7, 8

*Natural Resources Defense Council v. Winter*,
    543 F.3d 1152 (9th Cir. 2008) .................................................................................7

*Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency*,
    No. 13-72346, 2017 WL 3096105 (9th Cir. June 27, 2017) .....................................7

*United States v. Hristov*,
    396 F.3d 1044 (9th Cir. 2005) .................................................................................1

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1990) ...................................................................................8

**Statutes**

28 U.S.C. § 2412(d)(1)(A) ..............................................................................2, 3, 9

28 U.S.C. § 2412(d)(1)(B) ...........................................................................................1

28 U.S.C. § 2412 (d)(2)(A) .........................................................................................6

28 U.S.C. § 2412(d)(2)(B) .........................................................................................3

# NOTICE OF MOTION

Please take notice that on December 5, 2019, at 8:30 a.m., or as soon thereafter as counsel may be heard by the Hon. George H. Wu, in U.S. District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California, 90012, in Courtroom 9D, plaintiffs Center for Biological Diversity and Center for Food Safety (collectively, "the Centers") will, and hereby do, move for an award of their attorneys' fees and other expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and the Court's July 12, 2019 Order Extending Deadline to File Motions for Attorneys' Fees (ECF No. 82).

The Centers' motion is based on the points and authorities set forth below and the declarations of Gregory Loarie, Lisa Belenky, Aruna Prabhala, Adam Keats, Douglas Carstens, Beverly Grossman Palmer, and Frank Angel, submitted herewith. The Centers' are also filing herewith a proposed order granting their motion.

This motion is made following the conference of counsel pursuant to Civil L.R. 7-3, which took place on September 3, 2019. The Centers' file this motion to comply with the short deadline for doing so specified by EAJA.[1] However, the Centers' intend to continue to work in good faith to attempt to settle their claim for attorneys' fees and costs. Should the parties reach settlement, the Centers will notify the Court immediately and withdraw this motion. Conversely, if the parties are unable to reach settlement, the Centers reserve the right to submit additional evidence in support of this motion if necessary. *See United States v. Hristov*, 396 F.3d 1044, 1047 (9th Cir. 2005) (holding that a timely EAJA application can be later amended).

---

[1] A motion for attorneys' fees and other expenses under EAJA must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). EAJA defines "final judgment" as "a judgment that is final and not appealable." *Id.* § 2412(d)(2)(G). Here, the Court entered judgment in favor of the Centers on July 3, 2019. *See* ECF No. 79. The Court's judgment became "final" for purposes of EAJA after September 1, 2019, when the deadline to appeal the Court's judgment expired. *See* Fed. R. App. P. 4(a)(1)(B)(ii).

# ARGUMENT

## I. The Centers Are Entitled to an Award of Their Attorneys' Fees and Other Expenses under EAJA.

"EAJA was designed to encourage individuals and small businesses to contest government actions by authorizing fee awards to a prevailing party." *Lauritzen v. Lehman*, 736 F.2d 550, 556-57 (9th Cir. 1984). The Act provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Applying EAJA's criteria to this case as set forth below, the Centers are entitled to recover attorneys' fees and other expenses from the federal government defendants (collectively, "BLM").

### A. The Centers Are Prevailing Parties.

The Centers are "prevailing" for purposes of the EAJA, because they achieved "a material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001)). Specifically, the Centers obtained a judgment in their favor from the Court setting aside and remanding BLM's October 13, 2017 determination regarding the Cadiz pipeline. The Court's judgment thereby provided legal redress to the Center's injuries, as the Court recognized in its final ruling on BLM's motion to dismiss in this case. *See* Attachment to June 8, 2018 Civil Minutes (ECF No. 31) at 11 ("[I]f the 2017 Letter [*i.e.*, BLM's October 13, 2017 determination regarding Cadiz] is modified or rescinded, the action Plaintiffs seek to correct by this lawsuit—the issuance of the 2017 Letter—would nonetheless be redressed.").

The Centers also qualify as "parties" for purposes of EAJA. EAJA defines a "party" to include:

> [A]ny . . . organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500

>employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 exempt from taxation under section 501(a) of such Code . . . may be a party regardless of the net worth of such organization.

28 U.S.C. § 2412(d)(2)(B) (citation omitted). The sworn declarations that accompany this motion establish the Centers are both non-profit 501(c)(3) organizations that had far fewer than 500 employees when this case was filed and are therefore parties eligible for an award under EAJA. *See* Decl. of Lisa T. Belenky (Belenky Decl.), ¶2; Decl. of Adam F. Keats (Keats Decl.), ¶19, submitted herewith.

In short, the Centers are prevailing parties eligible to receive an award of attorneys' fees and other expenses under EAJA.

### B. BLM's Position Was Not Substantially Justified, and No Special Circumstances Make an Award Unjust.

Because the Centers meet EAJA's definition of a "prevailing party," they are entitled to recover their attorneys' fees and other expenses unless the Court finds that the government's position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The burden of proving the special circumstances or substantial justification exception to the mandatory award of fees under the EAJA rests with the government." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). BLM cannot reasonably claim that either exemption should preclude an award in this case.

The test for determining whether the government's position was "substantially justified" for purposes of EAJA is "whether a reasonable person would think the government's position was reasonable." *Lewis v. United States*, 144 F.3d 1220, 1222 (9th Cir. 1998). Here, the Court held that the government's 2017 M-Opinion interpreting the General Railroad Right-of-Way Act of 1875 (1875 Act) was "not a persuasive analysis of the law at issue and seemingly cherry-picks portions of different sources to craft a case for a directed/desired result." Attachment to June 20, 2019 Civil Minutes (ECF No. 75) at 22. The Court further held that BLM had "provided no explanation" for reversing its prior conclusion that the Cadiz pipeline

3

Pls.' Motion for Attorneys' Fees & Other Expenses—No. 2:17-cv-08587-GW-AS

does not further a railroad purpose. *Id.* at 46. These and related holdings by the Court establish the government's position in this case was not substantially justified.

Nor are there any "special circumstances" that would make an award of attorneys' fees and costs unjust. Congress intended the special circumstances provision of EAJA to be a "safety valve" that "helps to insure that the Government is not deterred from advancing in good faith . . . novel but credible extensions and interpretations of the law." H.R. Rep. No. 96-1418, at 11 (1980) *reprinted in* 1980 U.S.C.C.A.N. 4984, 4990. Here, BLM's reversal of position with respect to the Cadiz project was not based on a good faith interpretation of the law or facts, but rather the new Deputy Secretary of Interior's political decision to "get rid of" the prior, 2011 Solicitor's Opinion underpinning BLM's October 2015 decision and to "write an analysis that says the facts suggesting railroad benefits were ignored." BLM1996.[2]

In short, the Centers are eligible for and entitled to an award of their attorneys' fees and other expenses under EAJA.

## II. The Attorneys' Fees and Other Expenses the Centers Seek Are Reasonable.

Since the Centers meet the criteria for an award under EAJA, they are entitled to recover their reasonable attorneys' fees and other expenses from BLM. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) ("This court applies the principles set forth in *Hensley* . . . to determine what constitutes a reasonable fee award under the EAJA."). The resulting "lodestar" amount is "presumptively reasonable." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011). The Centers' lodestar here is well documented and reasonable.

---

[2] Documents in the revised administrative record filed by defendants on November 29, 2018 (ECF No. 54) are cited in this brief as "BLM" followed by the Bates number.

Pls.' Motion for Attorneys' Fees & Other Expenses—No. 2:17-cv-08587-GW-AS

### A. The Time Claimed by the Centers Was Reasonably Expended.

In general, an eligible party under EAJA is "entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 431 (quoting *Davis v. Cty. of Los Angeles*, 8 E.P.D. ¶ 9444 (C.D. Cal. 1974). "The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). But "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

As set forth in the declarations of counsel submitted herewith, the Centers' attorneys of record recorded every task performed and every minute expended on this litigation. *See* Decl. of Gregory C. Loarie (Loarie Decl.), ¶13; Decl. of Aruna M. Prabhala (Prabhala Decl.), ¶2; Belenky Decl., ¶3; Keats Decl., ¶14. In preparing this motion, counsel for the Centers made the requisite "good faith effort to exclude from [their] fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley,* 461 U.S. at 434, exercising careful billing judgment to exclude from their time records any time that may have been unreasonable or otherwise expended on tasks not appropriately included in a fees claim. *See* Loarie Decl., ¶13; Prabhala Decl. ¶13; Belenky Decl., ¶16; Keats Decl., ¶15.

After exercising billing judgment, the Centers claim 639.6 hours spent on this case by attorney Gregory Loarie; 208.0 hours spent by attorney Marie Logan; 41.6 hours spent by attorney Lisa Belenky; 14.1 hours spent by attorney Aruna Prabhala; and 40.4 hours spent by attorney Adam Keats. The specific tasks undertaken by these attorneys are detailed in Exhibits A and B to Mr. Loarie's declaration and Exhibit A to the declarations of Ms. Belenky, Ms. Prabhala, and Mr. Keats. *See* Loarie Decl., ¶13; Prabhala Decl. ¶14; Belenky Decl., ¶17; Keats Decl., ¶14.

The Centers are also entitled to an award of the attorneys' fees incurred preparing this EAJA application. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990); *see also Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) ("[*Jean*] concluded that the fees litigation was a part of the 'civil action' covered by the EAJA."). In an effort to minimize their "fees on fees," the Centers are claiming only the time spent by their lead attorney Gregory Loarie to September 23, 2019 preparing this EAJA motion, omitting all time necessarily spent by their additional counsel of record.[3] As with his time on the merits, Mr. Loarie exercised billing judgment to exclude any fees on fees time that may have been unreasonable. *See* Loarie Decl., ¶14. The resulting fees on fees time is set forth in Exhibit C to Mr. Loarie's declaration. *Id.*

In sum, the hours claimed by the Centers' counsel in this case were reasonably expended and necessary to the Centers' success.

### B. The Hourly Rates Claimed by the Centers Are Reasonable.

#### 1. The Centers Are Entitled to Enhanced Hourly Rates.

With respect to the appropriate hourly rate for the Centers' counsel, EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour *unless* the court determines that . . . a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412 (d)(2)(A) (emphasis added). Consistent with EAJA, the Ninth Circuit has held that enhanced hourly rates are appropriate "where the attorneys possess distinctive knowledge and specialized skill that was needful to the litigation in question and not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009).

The Ninth Circuit has established that "environmental litigation may constitute an identifiable practice specialty" supporting a rate higher than the standard EAJA rates.

---

[3] If the parties are unable to settle the Centers' claim for attorneys fees' under EAJA, the Centers reserve the right to amend their claim to include any further fees on fees time expended by their counsel litigating this motion.

*Natural Resources Defense Council v. Winter*, 543 F.3d 1152, 1159-60 (9th Cir. 2008); *see also League of Wilderness Defenders/Blue Mountains Biodiversity Project v. United States*, No. 3:10-cv-01397-SI, 2014 WL 3546858, at *12 (D. Ore. July 15, 2014) ("The United States Court of Appeals for the Ninth Circuit recognizes environmental litigation as an 'identifiable practice specialty that require distinctive knowledge' such that enhancement of the EAJA base rate is reasonable") (citing *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991).

The declarations submitted herewith establish that the attorneys who handled this case for Centers do indeed possess distinctive knowledge and specialized skill regarding federal environmental laws and administrative procedure. *See* Loarie Decl., ¶¶7-12; Prabhala Decl., ¶¶3-10; Belenky Decl., ¶¶7-11; Keats Decl., ¶¶10-12; Decl. of Douglas Carstens (Carstens Decl.), ¶10; Decl. of Beverly Grossman-Palmer (Grossman-Palmer Decl.), ¶11; Decl. of Frank Angel (Angel Decl.), ¶¶8-10. In fact, the Commissioner for the Ninth Circuit Court of Appeals recognized recently that Mr. Loarie, lead counsel for the Centers in this case, possesses "distinctive knowledge or specialized skill in environmental law, developed through a practice specialty, for the purpose of awarding enhanced hourly rates." *Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency*, No. 13-72346, 2017 WL 3096105, at *3 (9th Cir. June 27, 2017).

The distinctive knowledge and specialized skill of the Centers' counsel were also "needful" to this litigation. *See Nadarajah*, 569 F.3d at 912. The Ninth Circuit has recognized federal environmental litigation generally "requires distinctive knowledge" and warrants enhanced hourly rates under EAJA. *See Love*, 924 F.2d at 1496. This case in particular required counsel well versed and experienced in federal environmental laws, including the Federal Land Policy and Management Act (FLPMA) and the General Railroad Right-of-Way Act of 1875 (1875 Act). *See* Carstens Decl., ¶¶ 7, 10; Grossman-Palmer Decl., ¶7; Angel Decl., ¶¶7, 10; Loarie Decl., ¶8; Prabhala Decl., ¶10; Belenky Decl., ¶12; Keats Decl., ¶20. This case also required distinctive knowledge regarding the many jurisdictional doctrines—including

Article III and prudential standing and administrative "finality"—often at issue in litigation over federal environmental laws. The declarations that accompany this brief demonstrate that no other qualified counsel was available to take this case at the EAJA rate of $125 per hour adjusted for inflation. *See* Carstens Decl., ¶11; Grossman-Palmer Decl., ¶12; Angel Decl., ¶11; Loarie Decl., ¶21; Prabhala Decl., ¶11; Belenky Decl., ¶¶14-15; Keats Decl., ¶21.

For all these reasons, the Centers are entitled under EAJA to recover prevailing market rates for the time spent by their counsel on the merits of this case.[4]

### 2. The Rates Claimed by the Centers Are Consistent with Market Rates in the Los Angeles Area for Comparable Services.

Because the Centers meet EAJA's criteria for enhanced hourly rates, they are entitled to hourly rates "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Nadarajah*, 569 F.3d at 918 (quoting *Blum v. Stevenson,* 465 U.S. 886, 895 & n. 11 (1984)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The hourly rates claimed by the Centers for each of their attorneys of record in this case are provided in the table at the conclusion of this brief. The declarations of counsel submitted herewith establish that the hourly rates the Centers claim are consistent with prevailing market rates for comparable legal services in the Los Angeles area. *See* Loarie Decl., ¶¶17-20; Belenky Decl., ¶3; Prabhala Decl., ¶2; Keats Decl., ¶18. The reasonableness of the Centers' requested hourly rates is further confirmed by the declarations of respected attorneys with significant litigation

---

[4] The Centers do not seek enhanced rates for time preparing this motion. Instead,tThe Centers claim $204.25 per hour for "fees on fees" work, which reflects the 2019 EAJA statutory rate. *See* Statutory Maximum Rates Under EAJA, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Sept. 19, 2019).

experience in the Los Angeles are. *See* Carstens Decl. ¶11; Grossman-Palmer Decl. ¶12; Angel Decl. ¶9-11.

For all these reasons, the Centers' requested hourly rates are reasonable and consistent with prevailing market rates in the Los Angeles area.

### C. The Other Expenses Claimed by the Centers Are Reasonable.

In addition to their reasonable attorneys' fees, the Centers also seek $2,842.79 in "other expenses" through the EAJA.[5] 28 U.S.C. § 2412(d)(1)(A). These other expenses consist of Mr. Loarie's travel costs for court hearings, as well as telephone conference call fees. *See* Loarie Decl., ¶16. These expenses were reasonable and necessarily expended, and they are recoverable through EAJA.

### CONCLUSION

For all these reasons, the Centers request an award of their attorneys' fees and other expenses under EAJA as follows:

| Staff | Rate | Hours | Total |
|---|---|---|---|
| **Time up to Judgment:** | | | |
| Gregory C. Loarie | $620 | 634.0 | $393,080.00 |
| Marie E. Logan | $340 | 208.0 | $70,720.00 |
| Lisa T. Belenky | $660 | 41.6 | $27,456.00 |
| Aruna M. Prabala | $420 | 14.1 | $5,922.00 |
| Adam F. Keats | $700 | 40.4 | $28,280.00 |
| **"Fees on Fees" Time to Sept. 23, 2019:** | | | |
| Gregory C. Loarie | $204.25 | 36.9 | $7,536.83 |
| **Other Expenses:** | | | $2,842.79 |
| **TOTAL REQUESTED AWARD:** | | | **$535,837.62** |

---

[5] The Clerk of the Court awarded the Centers $796.23 in taxable costs, which amount to the Centers' filing fees and chambers copies. *See* ECF Doc. 83. The Centers do not include those costs here. *See* Loarie Decl. ¶16.

|   |   |
|---|---|
|   | Respectfully submitted, |

Dated: Sept. 24, 2019

   /s/ Gregory C. Loarie
GREGORY C. LOARIE (CA Bar No. 215859)
MARIE E. LOGAN (CA Bar No. 308228)
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, CA 94111
T: (415) 217-2000 • F: (415) 217-2040
E: gloarie@earthjustice.org
   mlogan@earthjustice.org

*Lead Counsel for All Plaintiffs*

LISA T. BELENKY (CA Bar No. 203225)
ARUNA M. PRABHALA (CA Bar No. 278865)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway Street, Suite 800
Oakland, CA 94612
T: (510) 844-7100 • F: (510) 844-7150
E: lbelenky@biologicaldiversity.org
   aprabhala@biologicaldiversity.org

*Counsel for Plaintiff Center for Biological Diversity*

ADAM F. KEATS (CA Bar No. 191157)
CENTER FOR FOOD SAFETY
303 Sacramento Street, Floor 2
San Francisco, CA 94111
T: (415) 826-2770 • F: (415) 826-0507
E: akeats@centerforfoodsafety.org

*Counsel for Plaintiff Center for Food Safety*